# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDY WASHINGTON, | : |
| Plaintiff, | : Civil Action No. 3:19-cv-12190 (BRM) |
| v. | : **MEMORANDUM AND ORDER** |
| SCO F. ALBIANO, et al., | : |
| Defendants. | : |

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Randy Washington ("Plaintiff"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, upon the filing of a civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 4), the Court previously granted him leave to proceed *in forma pauperis* and ordered the Clerk of the Court to file the Complaint (ECF No. 5).

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if the claim fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court has screened the Complaint in this action for dismissal and determined Plaintiff's claim for excessive force against Defendants Albiano, Black, Foran, Samosak and Naparalia shall proceed.[1] However, Plaintiff's claims against John/Jane Doe's, medical providers on New Jersey

---

[1] To the extent Plaintiff intended to raise claims other than excessive force against these individuals, Plaintiff should explicitly state such in any amended complaint.

State Prison's medical staff are dismissed without prejudice.[2] Plaintiff makes vague allegations the Doe Medical Providers did not take him to the hospital for his broken pointer finger and thumb and otherwise took direction from a corrections officer for medical care, but he does not provide further details. It is not clear when he sought treatment, from whom he sought treatment, whether he received some treatment, but was not sent to the hospital, etc. In short, he does not allege sufficient facts to allow these claims to proceed at this time. *Id.*

The claims against Administrator Johnson and Commissioner Hicks are also dismissed without prejudice. Supervisors are generally not vicariously liable for their subordinates' acts. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Supervisory liability is allowed, however, if the supervisors: (1) "established and maintained a policy, practice or custom which directly caused the constitutional harm"; or (2) "they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). As against Defendant Johnson, Plaintiff alleges he was told about the incident after it occurred, but he only chose to "cover it up." (Compl. 8.) Against Defendant Hicks, Plaintiff alleges he or another commissioner were told about excessive force issues at the prison but did nothing to remedy the situation. (*Id.* at 9.) He further states he told Defendant Hicks about the "cover up," but he did nothing about it. (*Id.* at 11.) For both of these individuals, Plaintiff fails to allege sufficient facts. He refers to their involvement in, or knowledge and acquiescence of, a "cover up," but provides no information about this "cover up" *i.e.* who was involved, what it consisted of, how it was executed, etc. Without further information, these claims cannot proceed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly, and for good cause appearing,

---

[2] In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**IT IS** on this 13th day of December 2019,

**ORDERED** that Plaintiff's claims for excessive force against Defendants Albiano, Black, Foran, Samosak and Naparalia shall **PROCEED**; the remaining claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted; to the extent Plaintiff wishes to file an amended complaint to address the deficiencies identified herein, he may to do so in accordance with all federal and local rules; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Forms from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that Plaintiff's Motion for a Preliminary Injunction/Temporary Restraining Order (ECF No. 6) is **DENIED WITHOUT PREJUDICE**; Plaintiff does not provide sufficient facts or make any attempt to meet the requirements to obtain this injunctive relief[3]; and it is further

---

[3] *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (finding that, to obtain a preliminary injunction, the moving party must show: "(1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured if relief is not granted. In addition, the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest") (internal citations and quotation marks omitted); *Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("The Supreme Court [has] held that [a] temporary restraining order should be treated as a preliminary injunction.").

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order via regular mail.

>  <u>*/s/ Brian R. Martinotti*    </u>
> **HON. BRIAN R. MARTINOTTI**
> **UNITED STATES DISTRICT JUDGE**