NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RANDY WASHINGTON, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:19-cv-12190 (BRM) (JRA) |
| | : | |
| v. | : | OPINION |
| | : | |
| SCO F. ALBIANO, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

MARTINOTTI, DISTRICT JUDGE

Before this Court is a Motion to Dismiss filed by Defendants Marcus Hicks ("Hicks"),

former Commission of the New Jersey Department of Corrections ("DOC"), and Steven Johnson

("Johnson"), former New Jersey State Prison ("NJSP") Administrator (collectively, "Defendants")

seeking to dismiss Plaintiff Randy Washington's ("Plaintiff") claims against them pursuant to

Federal Rule of Civil Procedure 12(b)(6). (ECF No. 72.) Plaintiff filed an Opposition to

Defendants' Motion. (ECF No. 84.) Having reviewed the parties' submissions filed in connection

with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil

Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion to Dismiss

is **GRANTED**.

I.      BACKGROUND[1]

Plaintiff filed his initial *pro se* complaint in May 2019. (*See* ECF No. 1.) On December 13,

2019, after granting Plaintiff's application to proceed *in forma pauperis*, the Court screened

---

[1] For the purposes of this Motion to Dismiss, the Court accepts as true all factual allegations in the
Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff.
*See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Plaintiff's initial complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B) and proceeded on Plaintiff's claims for excessive force against defendants Albiano, Black, Foran, Samosak, and Naparalia. (ECF No. 9.) The Court dismissed all remaining claims, including Plaintiff's claims against Defendants Hicks and Johnson, without prejudice. (*See id.*)

In March 2020, Plaintiff filed a motion for leave to file an amended complaint, along with a proposed amended complaint. (ECF Nos. 15 and 16.) In June 2020, Plaintiff filed a second amended complaint. (ECF No. 19.) On August 5, 2020, the Court provided Plaintiff with leave to file a third amended complaint. (ECF No. 23.)

On December 6, 2021, Plaintiff filed the operative third amended complaint ("Amended Complaint").[2] (ECF No. 46.) The Amended Complaint again raises an excessive force claim against defendants Albiano, Black, Foren, Samosak, and Naparalia, a failure to provide adequate medical care claim against John/Jane Doe medical providers, and supervisory liability claims against Defendants Hicks and Johnson in violation of 42 U.S.C. § 1983. (*See id.*)

Plaintiff alleges that on November 21, 2017, he was physically assaulted "for no reason" by the defendant correctional officers. (*See generally, id.*) Plaintiff submits he was provided with inadequate medical care following the assault. (*See id.* at 5-6.)

Relevant here, Plaintiff claims that Defendant Hicks, as the Commissioner of the DOC, is "legally responsible for the overall operation" of the DOC and NJSP. (*Id.* at 2.) Plaintiff alleges Defendant Hicks "knew inmates were being abuse[d], beat[en] up, and even killed." (*Id.*) Plaintiff submits that the "DOC[,] under the many [] commissioner's[sic][,] created a practice of force and

---

[2] This Opinion relies on the facts and allegations set forth in the Second Amended Complaint. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (citations omitted).

assault." (*Id.*) The Amended Complaint submits the "DOC knew from the many grievances filed, the many complaints filed, [] the many lawsuit settlements[,] [] the death of inmates from officers [,] and the abuse by officers." (*Id.*) Plaintiff alleges the "DOC failed to adequately train and supervise his/or her subordinates." (*Id.*)

The Amended Complaint submits that as the Administrator of NJSP, Defendant Johnson is legally responsible for the operation of NJSP and the welfare of the inmates in the prison. (*Id.* at 2-3.) Plaintiff alleges Defendant Johnson "helped create a practice of force and assault on inmates" because he "knew about the many assault[s] from many grievances[,] lawsuits filed, and a death on his watch." (*Id.* at 3.) Finally, Plaintiff claims Defendants Hicks and Johnson "knew [Special Investigation Division] would cover it up for the [corrections officers.]" (*Id.* at 2-3.)

On June 15, 2022, Defendants Hicks and Johnson filed this Motion to Dismiss. (ECF No. 72.) Defendants argue Plaintiff's claims against them should be dismissed to the extent he seeks to sue them in their official capacity, and that Plaintiff's supervisory liability claim should be dismissed for failure to state a claim upon which relief can be granted. (*See id.*)

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. County of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations. *Bell Atlantic v. Twombley*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal

conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 560 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a "probability requirement."" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The pleadings of *pro se* plaintiffs are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must alleged sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.   DECISION

### A.  Official Capacity

Defendants Hicks and Johnson argue any official capacity claim against them must be dismissed. (*See* ECF No. 72-1 at 10-14.) Defendants assert they are not "persons" subject to liability under NJCRA or § 1983. (*Id.*)

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983, in relevant part, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Therefore, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

It is well-established that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. Nevertheless, a plaintiff may bring a § 1983 claim against a state actor in his or her personal capacity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.* As the Supreme Court has explained:

> *Will* itself makes clear that the distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device. State officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the government that employs them. By contrast, officers sued in their personal capacity come to court as individuals. A government official in the role of personal-capacity defendant thus fits comfortably within the statutory term "person."

*Id.* at 27.

Here, the Amended Complaint raises claims under § 1983 against Defendants Hicks and Johnson in their official capacity. (*See* ECF No. 46 at 7.) Because Plaintiff may not proceed against Defendants in their official capacity for monetary damages, the Court will grant the motion to dismiss the § 1983 claims against Defendants Hicks and Johnson in their official capacity.

**B. Supervisory Liability**

Defendants argue that Plaintiff's individual capacity claims against them should be dismissed because the Amended Complaint is factually insufficient to assert a supervisory liability claim. (*See* ECF No. 72-1 at 14-20.) Defendants contend that Plaintiff fails to assert facts to support the "policy or practice" theory of supervisory liability. (*Id.* at 18-20.) Defendants also argue that Plaintiff fails to allege facts to support a claim that Defendants knew of or acquiesced to the November 21, 2017 assault on Plaintiff. (*Id.* at 16-18.)

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of*

*Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation

or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode*, 845

F.2d at 1207. "Only those defendants whose inactions or actions personally caused [Plaintiff's]

injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d

Cir. 1990).

The Amended Complaint asserts few facts regarding Defendants Hicks and Johnson.

Plaintiff alleges that, based on grievances and lawsuits, Defendants Hicks and Johnson knew

inmates were being assaulted. (ECF No. 46 at 2-3.) Plaintiff also claims Defendants knew the

Special Investigation Division ("SID") would "cover [the assault] up for the [corrections

officers.]" (*Id.*) Plaintiff appears to claim the DOC, through Defendant Hicks, failed to adequately

train and supervise his subordinates. (*Id.* at 2.) Plaintiff further alleges Defendants Hicks and

Johnson helped to create a practice of force and assault on inmates. (*Id.* at 2-3.)

Plaintiff's allegations do not support either theory of supervisory liability. Regarding the

first theory, the Amended Complaint makes a conclusory allegation that Defendants helped to

create a practice of force and assault. Plaintiff relies on formulaic language and does not provide

sufficient facts describing any practice, policy, or procedure in effect at the time of the alleged

injury or how that policy or procedure caused his constitutional injury. Plaintiff generally says

Defendants knew about unspecified assaults on unnamed inmates but gives no specific facts.

Plaintiff also fails to state a supervisory liability claim against Defendants under the second

theory. Plaintiff appears to allege Defendants were aware of other assaults on inmates and that

they knew SID would cover up the assault on Plaintiff. Plaintiff again asserts only conclusory

allegations. Although Plaintiff alleges Defendants knew SID would cover up the assault, there are

no specific facts alleged regarding how SID "covered-up" the assault or how the Defendants were

aware of this cover-up. Plaintiff does not allege Defendants Hicks and Johnson were personally involved in the alleged assault on Plaintiff by subordinates or that they had contemporaneous knowledge of the assault and approved or acquiesced to it.

The Amended Complaint fails to provide sufficient facts to state a supervisory liability claim under either of the above discussed theories. As such, Plaintiff's claims against Defendants Hicks and Johnson are dismissed without prejudice for failure to state a claim upon which relief can be granted.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is granted. All claims against Defendants Hicks and Johnson in the Amended Complaint are dismissed without prejudice. An appropriate Order follows.

Dated: November 17, 2022

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**United States District Judge**