**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RANDY WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | Civil Action No.<br><br>19-cv-12190 (BRM) (JRA)<br><br>**REPORT AND RECOMMENDATION** |

**<u>José R. Almonte, U.S.M.J.</u>**

Defendants Francis Albano, Troy Black, Thomas Foran, Gary Samosuk and Marek Napierala (collectively "Defendants")[1] move for an order dismissing Plaintiff's Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Dkt. No. 211 (the "Motion"). Plaintiff Randy Washington ("Mr. Washington") has not filed an opposition to the Motion. The key question in this Motion is whether Mr. Washington's refusal to comply with Court orders to complete his deposition warrants dismissal of this action with prejudice. The Honorable Brian R. Martinotti, United States District Judge, referred the Motion to me for a Report and Recommendation. Having considered the parties' submissions, I decide the Motion

[1] Defendant Albano and Defendant Napierala are improperly pled as "SCO F. Albiano" and "SCO Naparelia," but for the purposes of resolving the instant Motion, I will address Defendants as their names are represented in the Motion.

without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, I respectfully recommend that Defendants' Motion be **GRANTED**.

## BACKGROUND AND PROCEDURAL HISTORY

Throughout this litigation, Mr. Washington has been incarcerated in New Jersey State Prison. He brings claims under 42 U.S.C. §1983, alleging that Defendants violated his rights under the Eighth Amendment to the U.S. Constitution. *See generally* Second Am. Compl., Dkt. No. 46. At the heart of Mr. Washington's claim is that corrections officers physically assaulted him, resulting in injuries to his head, face, mouth, and hand. *Id.* at 5–8. Thereafter, the prison medical staff allegedly failed to provide adequate medical assistance to Mr. Washington. *Id.* at 5–6.

For purposes of resolving this Motion, the procedural history and the status of discovery are most important. Mr. Washington initially brought this action as a *pro se* litigant, but the Court subsequently granted his request to appoint *pro bono* counsel. Dkt. No. 111. Getting through discovery has been arduous, as is evident by the fact that discovery began on June 9, 2021 (Dkt. No. 37), and more than five years later, it is still ongoing. To facilitate discovery, on April 2, 2025, the Court granted Defendants' request to depose Mr. Washington. Dkt. No. 181. At that time, Mr. Washington already had been represented by Court-appointed *pro bono* counsel for almost two years. *See* Dkt. Nos. 115, 118, 122, 153. On April 7, 2025, at the deposition, Mr. Washington testified that on or about June 30, 2017, a Mercer County sheriff fell on his right hand and broke it. Dkt. No. 211-7, Ex. C at 11:1–12:15. Mr.

Washington further testified that he underwent surgery in connection with this injury, which required the placement of two pins and a screw. *Id.* at 12:2–12:10. Thereafter, contrary to his counsels' advice, Mr. Washington refused to answer additional questions relating to the June 2017 injury, claiming that it was irrelevant to the instant action and that it was the subject of another pending litigation. *Id.* at 12:16–14:10.

After conferencing with the parties and reminding Mr. Washington of his discovery obligations, on May 6, 2025, the Court entered an Order granting Defendants' application to take Mr. Washington's continued deposition. Dkt. No. 184. On May 13, 2025, an attempt was made to conduct a second deposition, and Mr. Washington again failed to cooperate with Defendants by refusing to be placed under oath or testify at all. Dkt. No. 185. The Court then ordered that Mr. Washington's counsel advise him of "the consequences of his failure to participate in this case[]" and allowed him another chance to participate in his continued deposition. Dkt. No. 186.

On July 28, 2025, Defendants informed the Court that Mr. Washington indicated he would testify after his counsel had discussed with him the consequences of his noncompliance. Dkt. No. 187 at 2. Accordingly, on December 17, 2025, the Court ordered a third deposition of Mr. Washington. Dkt. No. 206. Nonetheless, Mr. Washington again failed to answer questions regarding the June 2017 incident. Dkt. No. 208 at 2. Due to Mr. Washington's continued noncompliance, the Court allowed

Defendants to file a motion for sanctions. Dkt. No. 210. Now before the Court is Defendants' unopposed Motion. Dkt. No. 211.

## LEGAL STANDARD

Rule 16 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 37(b)(2)(A)(v) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders[, including] . . . dismissing the action or proceeding in whole or in part." Rule 41(b) allows a court to dismiss a claim with prejudice "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). When determining whether the sanction of dismissal is appropriate, courts consider the six factors outlined in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal . . . ; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis removed).

"[N]o single *Poulis* factor is determinative, and not all factors need to weigh in favor of dismissal for dismissal to be proper." *Younger v. Gross*, No. 25-2765, 2025 WL 3689228, at *2 (3d Cir. Dec. 19, 2025) (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)). Nevertheless, on rare occasions "a court may dismiss a case without

considering the *Poulis* factors 'when a plaintiff acts contumaciously after the district court warns him that the case may be dismissed for noncompliance.'" *McLeod v. UPMC Children's Hosp. of Pittsburgh*, No. 21-cv-00116, 2026 WL 937373, at *4 (D.N.J. Apr. 7, 2026) (quoting *Bush v. Dep't of Hum. Servs.*, 485 F. App'x 594, 597 (3d Cir. 2012) (per curiam)).

**DISCUSSION**

I am satisfied that I need not balance the *Poulis* factors here, as Mr. Washington's continuous defiance of this Court's orders and unwillingness to participate in his own depositions has made "adjudication of his case impossible," and therefore "a balancing of the *Poulis* factors is not necessary" before dismissing the action. *See, e.g., Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012); *McLaren v. N.J. Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (collecting cases); *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994); *Berk v. Ritz Condo. Ass'n*, No. 23-cv-01877, 2025 WL 3236515, at *2 (D.N.J. Nov. 19, 2025). For the sake of completeness, however, I will analyze the *Poulis* factors, which likewise support dismissal.

1. **Party's Personal Responsibility**

First, I must consider "the extent of the party's personal responsibility" in causing the delay. *Poulis*, 747 F.2d at 868 (emphasis removed). A key consideration is "whether the failure to prosecute the case can be 'blamed on counsel.'" *See Matthews v. Cap. One Auto Fin.,* No. 24-cv-08681, 2025 WL 3771001, at *3 (D.N.J. Dec. 31, 2025) (quoting *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d. Cir. 2002)).

Here, Mr. Washington is *exclusively* responsible for his noncompliance. This Court provided Mr. Washington with ample opportunities to participate in this litigation by extending discovery deadlines, ordering three depositions, and requiring Mr. Washington's counsel to warn him of the consequences of noncompliance. *See* Dkt. Nos. 181, 184 at 1, 186, 190 at 1, 206, 207. Yet, Mr. Washington refused to cooperate with the Court, neglected his discovery obligations, and impeded the prosecution of this case. Dkt. Nos. 185 at 1, 208, 211-4 at 11–12. Nothing in the record suggests that anyone other than Mr. Washington is responsible for his failure to testify at each deposition. Indeed, Defendants confirm that the impasse in this matter has been "through no fault of Plaintiff's Counsel" (Dkt. No. 208 at 2), and that Plaintiff's counsel conferred with Mr. Washington regarding the consequences of his failure to participate. Dkt. No. 193 at 2; Dkt. No. 211-4 at 12. Therefore, because Mr. Washington bears the sole responsibility for the failure to prosecute his claims, this factor weighs in favor of dismissal.

**2. <u>Prejudice to Defendants</u>**

Next, I must assess the prejudice to Defendants because of Mr. Washington's noncompliance. A plaintiff's failure to prosecute or disregard of court orders may be considered "inherently prejudicial" because it stalls the progress of a case. *Doby v. Doe #1*, No. 22-cv-03011, 2026 WL 1261501, at *3 (D.N.J. May 8, 2026) (citations omitted).

An adversary may also be prejudiced when a failure to prosecute results in "the irretrievable loss of evidence, . . . **or deprivation of information through non-**

**cooperation with discovery**." *Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 194 (3d Cir. 2010) (emphasis added) (citing *Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994) (citation omitted) ("Prejudice also includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery.")). This may include the failure to cooperate during a deposition. *See, e.g., Ezeani v. Kelly*, No. 22-3254, 2023 WL 4311608, at *2–3 (3d Cir. July 3, 2023) (affirming Judge Martinotti's dismissal where plaintiff "refused to answer material questions" at two of his noticed depositions and failed to comply with court orders); *Dover v. Diguglielmo*, 181 F. App'x 234, 236–37 (3d Cir. 2006) (affirming district court's dismissal where plaintiff refused to answer questions at a deposition and later refused to be deposed); *Hicks v. Feeney,* 850 F.2d 152, 156–57 (3d Cir. 1988) (affirming dismissal where plaintiff left a deposition after forty minutes and then refused to appear for subsequently scheduled depositions).

Here, Mr. Washington's failure to participate in his own depositions and noncompliance with this Court's orders have undoubtedly prejudiced Defendants. The nature of Mr. Washington's allegations places his preexisting condition, medical history, and the causation of his injuries directly at issue, as well as the events surrounding the June 2017 incident, which are certainly relevant to his claims. Moreover, Mr. Washington's noncompliance has undoubtedly increased litigation costs for Defendants due to them having to prepare for additional depositions and status conferences. Most significantly, Mr. Washington's refusal to complete his

deposition has impeded Defendants' "ability to prepare effectively a full and complete trial strategy." Dkt. No. 211-4 at 13–14; *see Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). As such, this factor favors dismissal.

**3. <u>History of Dilatoriness</u>**

I must also assess the history of dilatoriness attributable to Mr. Washington over the life of this matter. *See Adams*, 29 F.3d at 875 (evaluating history of dilatoriness "over the life of the case"). "Extensive or repeated delay or delinquency" may constitute a history of dilatoriness, which can involve non-responses to discovery requests, or "tardiness in complying with court orders." *Id.* at 874 (citing *Poulis*, 747 F.2d at 868). The time a case is pending before a court can factor into this analysis. *Kuminka v. Atl. Cnty., N.J.*, No. 10-cv-05233, 2014 WL 4854322, at *2 (D.N.J. Sept. 30, 2014) (finding the "history of dilatoriness" factor favored dismissal in a case pending for four years where "[t]he Court ha[d] expended considerable time dealing with disputes that arose due to [plaintiff's] recalcitrance").

This case has been pending before this Court for over seven years. The Court has expended considerable time and resources on a multitude of discovery issues, as reflected by approximately twenty conferences with the parties. Dkt. Nos. 44–201. The most critical of these discovery disputes is Mr. Washington's recalcitrance resulting in the Court having to order his deposition, not once, but three times. Dkt. Nos. 181, 184, 206. I am mindful that Mr. Washington's incarceration may have contributed to some of the delays in this case. But his incarceration status does not justify his outright refusal to testify at his deposition. His conduct does not reflect an

isolated incident or excusable neglect; rather, it reflects a pattern of noncompliance over the life of the case. Therefore, this factor also weighs in favor of dismissal.

**4. <u>Whether the Conduct was Willful or in Bad Faith</u>**

Fourth, I must consider "whether the conduct of the party or the attorney was willful or in bad faith." *Poulis*, 747 F.2d at 868 (emphasis removed). Bad faith may be evidenced by a defendant's willful failure to answer discovery or comply with court orders. *Johnson v. Nelnet, Inc.*, No. 23-cv-22486, 2025 WL 3707274, at *3 (D.N.J. Dec. 22, 2025) (citing *Sebrell v. Phila. Police Dep't*, 159 F. App'x 371, 374 (3d Cir. 2005) (determining that plaintiff's conduct was willful in large part because of her failure to comply with court orders). "The absence of a reasonable excuse suggests that Plaintiff's conduct was willful or done in bad faith." *Johnson*, 2025 WL 3707274, at *4 (citing *Days Inn Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 476 (D.N.J. 2008)).

Because Mr. Washington has refused to fully participate in depositions, despite warnings from both this Court and his counsel, I find that Mr. Washington's conduct was at least willful. *See Ezeani v. Anderson*, No. 21-cv-06759, 2023 WL 128811, at *3 (D.N.J. Jan. 9, 2023) (finding that failure to participate in depositions and comply with discovery obligations, despite being aware of court orders, was willful), *aff'd sub nom. Ezeani v. Kelly*, No. 22-3254, 2023 WL 4311608 (3d Cir. July 3, 2023); *Naik v. Bos. Consulting Grp.*, No. 14-cv-03097, 2017 WL 424902, at *5–6 (D.N.J. Jan. 12, 2017), *report and recommendation adopted*, No. 14-cv-03097, 2017 WL 401944 (D.N.J. Jan. 30, 2017) (same). Moreover, the lack of any reasonable excuse provides further support that Mr. Washington's conduct was indeed willful. As Defendants note, Mr.

Washington's "refusal was not the result of confusion, misunderstanding, or inability to testify; rather, it was a conscious decision to withhold testimony." Dkt. No. 211-4 at 16. Thus, this factor weighs in favor of dismissal.

**5. <u>Effectiveness of Sanctions Other than Dismissal</u>**

The fifth *Poulis* factor requires that I assess the effectiveness of possible alternative sanctions. *Poulis*, 747 F.2d at 868 (emphasis removed). The Third Circuit has articulated several potential alternative sanctions, including "a warning, a formal reprimand, . . . a fine, the imposition of costs or attorney fees," striking a pleading in part, or administrative termination. *Doby*, 2026 WL 1261501, at *5 (citing *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 750 n.6 (3d Cir. 1982)). Where a plaintiff is proceeding *in forma pauperis*, however, monetary sanctions are not likely to be effective. *Emerson,* 296 F.3d at 191. Additionally, in determining the effectiveness of alternative sanctions, a court considers the plaintiff's conduct throughout the life of the case. *See Ezeani,* 2023 WL 128811, at *3 (noting that "previous warnings and orders have not altered [the plaintiff's] behavior and no other form of sanction is likely to do so"); *Naik,* 2017 WL 424902, at *6 (similarly concluding that the plaintiff's history of noncompliance made it clear that "lesser sanctions would not be effective[]").

To be clear, I have already attempted alternative measures to encourage Mr. Washington's participation in discovery. Any sanction short of dismissal here would be ineffective. Mr. Washington's history of noncompliance and disregard of previous orders leave me doubtful he would comply with any alternative sanctions. Further,

it would be fundamentally unfair to Defendants to prolong this action, which has been pending for seven years, in the hopes that Mr. Washington *may* cooperate with his discovery obligations if provided another opportunity. Therefore, this factor supports dismissal.

**6. <u>Meritoriousness of the Claim</u>**

The final *Poulis* factor requires that I consider the underlying merits of the claim. *Poulis*, 747 F.2d at 868 (emphasis removed). Yet, "in situations where the overwhelming balance of the first five *Poulis* factors weigh in favor of dismissal," courts need not address the underlying merits of the case. *Johnson*, 2025 WL 3707274, at *4 (citing *McNamara v. Buehler*, No. 16-cv-00841, 2018 WL 9880301, at *3 (D.N.J. Nov. 16, 2018), *report and recommendation adopted*, No. 16-cv-00841, 2019 WL 5448684 (D.N.J. Oct. 24, 2019); *Macon v. City of Asbury Park*, No. 07-cv-01413, 2008 WL 1882899, at *2 (D.N.J. Apr. 24, 2008)).

Indeed, Defendants concede that the final *Poulis* factor may weigh against dismissal. Dkt. No. 211-4 at 17. Yet, without clarity regarding Mr. Washington's preexisting injuries, or an opposition to the instant Motion, I am unable to assess the merit of his claims. *See Porten v. Auto Zone,* No. 10-cv-02629, 2011 WL 2038742, at *3 (D.N.J. May 24, 2011) ("Plaintiff's failure to engage in discovery or respond to Defendant's motion to dismiss hampers the Court's ability to assess the merit of her claims.") (citing *Divito v. C.M.S. Dep't,* No. 05-cv-00438, 2006 WL 756014, at *3 (D.N.J. Mar. 17, 2006) ("Plaintiff's disregard of Defendants' interrogatories and

motions to dismiss renders this Court unable to ascertain the meritoriousness of his claim.")). Therefore, I consider this factor neutral.

### 7. **Balancing the *Poulis* Factors**

Upon balancing the *Poulis* factors, I am satisfied that dismissal with prejudice is warranted. To be sure, dismissal with prejudice is a drastic measure, which is why a district court must consider alternative sanctions before taking such a step. *Briscoe*, 538 F.3d at 258–62. Here, five of the six *Poulis* factors weigh in favor of dismissal.[2] *See Clauso v. Martinelli*, No. 18-cv-12217, 2024 WL 5202360, at *5 (D.N.J. Dec. 23, 2024) (citation omitted) (noting that there is "no requirement that every *Poulis* factor be met" and dismissing action with prejudice where five factors weighed "decidedly in favor of dismissal with prejudice."). Because Mr. Washington is solely responsible for the impasse in this action and has prejudiced Defendants by willfully not complying with this Court's orders, the *Poulis* factors weigh heavily in favor of dismissal with prejudice. Moreover, this case has been pending for seven years, and the Court has attempted alternative methods to obtain Plaintiff's compliance, including issuing warnings, conferencing with the parties, and ordering Plaintiff's counsel to warn him of the consequences of his noncompliance. As a result, I am

[2] Of note, Defendants' motion to dismiss comes before this Court *unopposed.* Although not a *Poulis* factor, Mr. Washington's failure to submit an opposition brief against the current Motion further supports dismissal with prejudice. *See, e.g., B & S Int'l Trading Inc. v. Meer Enters. LLC*, No. 18-cv-11546, 2023 WL 8253073, at *2 (D.N.J. Nov. 29, 2023) (noting that dismissal with prejudice was appropriate where there was "a deliberate 'fail[ure] to prosecute' and failure to 'comply with a court order'" as plaintiff did not oppose defendant's motion to dismiss and failed "to otherwise take any steps to resume prosecution for several months." (citing *Ezeani*, 2023 WL 128811, at *2))); *CRA, Inc. v. Ozitus Int'l, Inc.*, No. 16-cv-05632, 2019 WL 1493366, at *2–3 (D.N.J. Apr. 4, 2019) (dismissing complaint with prejudice under Rule 41(b) because plaintiff "affirmatively abandoned its case" as it filed no opposition, did not seek additional time to oppose, and took no steps for approximately six months to resume prosecuting the case).

unconvinced that sanctions other than dismissal with prejudice are appropriate. This is consistent with the Third Circuit's view that "district courts cannot, and should not, tolerate unjustifiable delays and the expenditure of irreplaceable judicial resources caused by litigants, . . . who will not obey court orders." *Mindek v. Rigatti*, 964 F.2d 1369, 1375 (3d Cir. 1992). Therefore, I recommend dismissal of Mr. Washington's claims with prejudice.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that Defendants' Motion (Dkt. No. 211) be **GRANTED**. The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); L. Civ. R. 72.1(c)(2). It is further ORDERED that the Clerk of Court shall TERMINATE the Motion pending at Dkt. No. 211 and activate this Report and Recommendation for the District Judge's review.

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Dated: August 17, 2026

Orig: Clerk of Court
cc: Counsel of Record
The Honorable Brian R. Martinotti, U.S.D.J.